972 F.2d 1342
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William SCHUELER, Petitioner-Appellant,
v.
R.G. BORG, Respondent-Appellee.
 No. 91-15147.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1992.*
Decided Aug. 5, 1992.
As Amended Sept. 29, 1992.
 
 Before SCHROEDER, REINHARDT and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 We affirm the denial of Schueler's petition for a writ of habeas corpus.
 
 
 3
 Schueler was convicted of armed robbery in Napa County, California Superior Court. He claims constitutional error, because the jury was not required to agree unanimously "as to which participant in the crime appellant was,"--whether he was the person who entered the store, or the person who rented the motel room for use as a safe house for the robbers.
 
 
 4
 On October 3, 1986, two masked men robbed a California warehouse. Schueler was caught coming out of the motel room where the loot was found, in the company of Lou Costa and Penny Salzsiedler. At trial, the state produced witness and scientific testimony that suggested that Schueler was the robber with the mustache. The robbers' masks, however, made identification difficult. Costa, convicted at an earlier trial, testified that Schueler was not present during the robbery, and had rented the motel room innocently, not realizing that the robbers would later use it as their safe house. Circumstantial evidence suggested an inference that when Schueler rented the motel room, he intended it to be used as a safe house for the robbery. This would make him an aider and abettor to the robbery. The jury convicted Schueler, but was not required to agree unanimously on whether he was a robber or an aider and abettor to the robbery.
 
 
 5
 Under California law, an aider and abettor is liable equally with a principal. Cal.Penal Code § 30-31. People v. Forbes, 175 Cal.App.3d 807, 816-17 (1985), holds that the jury need not be instructed to agree unanimously on which theory to apply to a particular defendant. A conviction is proper, under California law, if half the jury is persuaded that the defendant was an aider and abettor and not a principal, and the other half is persuaded that he was the principal and not the aider and abettor. Id.
 
 
 6
 We do not know whether the jurors unanimously agreed that Schueler rented the motel room as a safe house, unanimously agreed that he participated in the robbery, unanimously agreed that he did both, or that some jurors believed he did one and the others believed he did the other. We do know that none of the jurors believed Costa's story, that Schueler was entirely innocent, because if even one juror believed it, Schueler would not have been convicted.
 
 
 7
 The gunman and safe house theories are not mutually exclusive; Schueler could have rented the room for use as a safe house and also gone along on the robbery. There are several possible scenarios. The jurors could have all believed that he participated in the robbery. They could have all believed that he set up the safe house. They could have all believed that he set up the safe house, and some believed that he also participated in the robbery. They could have all believed that he participated in the robbery, and some believed that he also set up the safe house. They could have all believed that he both participated in the robbery and set up the safe house. A likely scenario is that all were persuaded beyond a reasonable doubt that he did one or the other, and all thought it at least probable that he did both. Under any of these scenarios, Schueler was properly convicted.
 
 
 8
 Jury unanimity on a theory may arguably be constitutionally required in some circumstances, where theories of criminal liability are mutually inconsistent. Compare Borum v. United States, 284 U.S. 596 (1932), and Schad v. Arizona, 111 S.Ct. 2491, 2496 (1991). The test, under the plurality opinion in Schad, appears to be whether the level of verdict specificity required by the instructions was rational and fair, considering legislative definition of the crime, history and practice. Id. at 2500-01. In this case, the Schad standard is satisfied. California, like most states, has a statutory provision making an aider and abettor criminally responsible as a principle. History and practice have long allowed a jury to convict without deciding whether the defendant was a principal or an aider and abettor, perhaps at least partly because disguises such as the robbers wore in the case at bar might otherwise successfully prevent conviction by preventing jurors from attaining certainty about which was which. 5 Reid's Branson Instructions to Juries § 3382 (3d ed. 1962 & Supp.1991); 1 Devitt & Blackmar, Federal Jury Practice and Instructions §§ 12.02-12.03. While there might conceivably be a case where application of this principle was so clearly irrational and unfair that failure to require jury unanimity for one or the other would be error, this is not such a case.
 
 
 9
 There is one scenario that is a logical possibility, in which the jury might have been split between those who accepted an aider and abettor theory, and those who accepted a principal theory, in a manner which would make the two theories logically inconsistent and perhaps unfair without a requirement of unanimity on one theory. Suppose some jurors believed that Schueler probably rented the room innocently, but then decided after renting the room to participate in the robbery, not knowing that the room would be used as a safe house, and the other jurors believed that he rented the room as a safe house but probably did not go along on the robbery. This is the only theory arguably raising a Schad issue. The scenario is unlikely, and we cannot characterize failure to instruct in a manner precluding application of this theory as plain error. Also, it is not plain that nonunanimity would be a Schad error in this scenario. If Schueler rented the motel room intending that it be used as a safe house for armed robbers, what unfairness is there in his being convicted for the robbery? If he participated in the robbery, what unfairness is there in his being convicted for renting the safe house? How likely is it that he would have rented the motel room innocently, yet later decided to go along on the robbery, the only case in which it might be unfair for him to be convicted where less than all the jurors thought he was one of the robbers and less than all the jurors thought he intentionally rented the motel room as a safe house?
 
 
 10
 There is no evidence at all to support this final far fetched scenario. Because of this lack of evidence, and the unlikelihood of this scenario, any error the district court might have made by failing to give the instruction Schueler proposed was harmless beyond a reasonable doubt. Cf. Yates v. Evatt, 111 S.Ct. 1884, 1895-96 (1991).
 
 
 11
 AFFIRMED.
 
 REINHARDT, Circuit Judge, concurring specially
 
 12
 Because I conclude that the jury must have unanimously found Schueler guilty of aiding and abetting the armed robbery by renting the hotel room, I agree with the majority that the refusal to issue a specific unanimity instruction was harmless error. Schueler was in all probability entitled to the requested instruction, but on the facts of this case it is clear that the refusal to grant it did not affect the result.
 
 
 13
 Defense counsel stipulated that Schueler rented the hotel room. It is extremely unlikely that any juror would have voted to convict on the theory that Schueler "innocently" rented the hotel room and then spontaneously decided to participate in the armed robbery as a principal. Rather, any juror who believed Schueler guilty of being a principal in the armed robbery would almost certainly have also concluded that his act of renting the hotel room was connected to his participation in that robbery. In other words, every juror -- whether or not he or she believed Schueler guilty of armed robbery as a principal -- must have believed that he aided and abetted the robbery by renting the hotel room. No prejudice results from the absence of a specific unanimity instruction where, as here, the facts of the case make it clear that there must have been unanimity as to one of two theories of liability.
 
 
 14
 To the extent that the majority disposition is based on a different analysis, I cannot join it. If there were any plausible possibility that one group of jurors voted to convict Schueler solely on the basis that he actually participated in the armed robbery (and not on the basis that he was also an aider and abettor) and another group voted to convict him in the belief that he was not one of the persons who committed the charged offense, but that he only aided and abetted the actual robbers, I believe we would be required to reverse. However, in my opinion, under the evidence in this case, that is, beyond any doubt, not what occurred here.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3